IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMES C. NEWELL, JR.                                                    PETITIONER

vs.                                              CIVIL ACTION NO.: 1:13cv78-SA-DAS

M.D.O.C., et al.                                                       RESPONDENTS

## MEMORANDUM OPINION AND ORDER

Presently before the Court is the pro se federal habeas petition of James C. Newell, Jr., Mississippi prisoner # 14706, and Respondents' motion to dismiss the petition based upon Petitioner's failure to exhaust his claims in State court. For the reasons set forth below, the Court finds that Respondents' motion should be granted and the instant petition dismissed without prejudice.

## Facts and Procedural History

Petitioner was convicted of manslaughter in the Lowndes County Circuit Court and sentenced to twenty years in the custody of the Mississippi Department of Corrections. On direct appeal, the Mississippi Supreme Court reversed Petitioner's conviction and sentence and remanded for a new trial. *See Newell v. State*, 49 So.3d 66 (Miss. 2010). On remand, Petitioner was again tried and found guilty of the crime of manslaughter. He was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections, with five years suspended and fifteen years to serve. (*See* Resp'ts Ex. B). Petitioner filed a Notice of Appeal from that conviction and sentence, and that appeal is currently pending in Cause No. 2013-TS-0030-COA. (*See* Resp'ts Ex. C).

On or about April 17, 2013, Petitioner filed the instant petition for a writ of habeas

1

corpus, appearing to assert as a basis for federal habeas relief that he was retried under a different statute than the one under which he was originally charged. (*See* ECF nos. 1 and 7).

## Law and Analysis

The instant petition is subject to the exhaustion requirements of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2254(b). Under the exhaustion provisions of the statute, applicants seeking federal habeas relief must first exhaust all of their claims in state court prior to filing for federal habeas relief. *See id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A claim is exhausted "when the substance of the federal habeas claim has been fairly presented to the highest state court." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). Pursuant to § 2254(c), a petitioner has failed to exhaust available remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." If a federal habeas petition contains claims not exhausted in state court, a federal court generally must dismiss the petition. *See* 28 U.S.C. § 2254(b)(1) and (c); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Inasmuch as Petitioner is currently challenging his conviction for manslaughter in a direct appeal, his claim is not exhausted for purposes of federal habeas review. As Respondents point out, Petitioner's pursuit of a direct appeal and ability to pursue post-conviction relief if he is unsatisfied with the results of the direct appeal clearly show that he has an "available procedure" through which he can pursue his claims to exhaustion. *See* 28 U.S.C. § 2254(c). The instant petition should be dismissed for lack of exhaustion.

The Court notes that in *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that it is appropriate, in some "limited circumstances," for a federal court to stay a habeas

petition containing both exhausted and unexhausted claims in order to allow the petitioner to litigate his unexhausted claims in state court before returning to federal court to obtain review. *Id*. at 276-77. The Court noted that frequent use of "stay and abeyance," however, "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all of his claims in state court prior to filing his federal habeas petition." *Id*. at 277. Therefore, before a federal court enters a stay and "effectively excuses" a petitioner's failure to exhaust his claims, the court should first determine that "good cause" exists for Petitioner's failure to first present his claim in state court. *Id*. The Court is not aware of any reason it should find good cause for Petitioner's failure to first exhaust his claims in state court.

Moreover, the dismissal of the instant petition will not jeopardize the timeliness of any future habeas petition, because the federal statute of limitations has not yet begin to run against Petitioner. *See* 28 U.S.C. § 2244(d). Therefore, Petitioner will have sufficient time to proceed with another federal habeas action should he diligently seek relief at the State court level be denied.

Therefore, the Court **ORDERS** that Respondents' motion to dismiss be **GRANTED**, and the petition for writ of habeas corpus be **DISMISSED** without prejudice for Petitioner's failure to exhaust his claims. A final judgment in accordance with this Memorandum Opinion and Order will issue today.

**THIS** the 9th day of July, 2013.

                                             /s/ Sharion Aycock
                                             **U.S. DISTRICT JUDGE**